OPINION OF THE COURT
 

 SLOVITER, Circuit Judge.
 

 Defendant Orlando Ramirez, doing business as Omicron Construction Company, contracted to construct a three bedroom house for plaintiff Maria Maldonado. Pursuant to the applicable Farmer’s Home Administration (FHA) construction contract, Ramirez executed a one-year builder’s warranty promising to take necessary corrective action within 30 days of written notice of any defective condition. Soon after the completion of the residence on August 22, 1977, Maldonado experienced problems with the roof. There is undisputed evidence that the house leaked in all of the rooms except the bathroom. Maldonado notified defendant orally of the complaints on several occasions.
 

 On June 21, 1978 attorney Allan A. Christian, on behalf of Maldonado, sent Ramirez written notification of the deficiencies caused by improper construction of the roof or inferior products used, and demanded action under the warranty provisions of the contract. On August 4, 1978 Ramirez and attorney Christian, on behalf of Maldonado, signed a written agreement pursuant to which Ramirez undertook to repair the roof “in a workmanlike manner.” Maldonado’s problems with the roof continued, and she notified Ramirez orally that the roof continued to leak. Ramirez returned to the premises at least twice to make repairs. In 1981 Maldonado applied for and was granted an additional loan from FHA in the amount of $10,280 to be used for replacement of the roof.
 

 On March 24, 1982 Maldonado, through Allan A. Christian acting as her counsel, filed this action in the Territorial Court of the Virgin Islands seeking to recover from Ramirez the cost of the roof replacement. In his answer, Ramirez interposed several defenses including his discharge in bankruptcy, the statute of limitations, and failure to mitigate damages. The parties filed cross motions for summary judgment. Defendant’s motion for summary judgment was based upon the defense of discharge in bankruptcy. The territorial court denied the motions for summary judgment and the matter proceeded to trial. At the conclusion of plaintiff’s case, defendant filed a Rule 41 motion based on his statute of limitations defense. The court denied the motion and defendant rested without putting on any evidence. Thereafter, the court found that Ramirez breached the agreement of August 4, 1978 to undertake to repair the roof in a workmanlike manner and that Maldonado was unable to mitigate the damages without undue burden. The court awarded Maldonado damages of $10,-280 plus costs, interest and attorney’s fees.
 

 On appeal, the district court reversed the judgment and directed entry of judgment in favor of Ramirez on the ground that he had been discharged from this debt by virtue of his discharge in bankruptcy. 37 B.R. 219 (V.I.1984). The court held that the territorial court erred as a matter of law when it denied defendant’s motion for summary judgment. We have plenary review of the record to determine “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fed.R.Civ.P. 56(c).
 

 It is undisputed that on April 19, 1979 Ramirez filed a voluntary petition for bankruptcy, and that his debts were discharged when the bankruptcy proceeding concluded on January 16, 1981. A discharge in bankruptcy operates to discharge all debts that were the personal liability of the debtor, 11 U.S.C. § 524 (1982), as long as the debtor has listed or scheduled the debt, 11 U.S.C. § 523(a)(3) (1982). Ramirez, notwithstanding Maldonado’s complaints to
 
 *50
 
 him about the numerous leaks on the property, failed to list Maldonado as a creditor and failed to send her notice of the bankruptcy. Ordinarily therefore his liability to Maldonado would not be discharged by the bankruptcy.
 

 However, the Bankruptcy Code further provides that even if a debt has not been scheduled as required by 11 U.S.C. § 521(1) (1982), it will be discharged where the creditor has “notice or actual knowledge of the case in time for [filing a proof of claim].” 11 U.S.C. § 523(a)(3)(A) (1982). The district court recognized that there is no claim here that Maldonado had actual knowledge of the proceeding. Thus, it considered whether she was chargeable with notice.
 

 To support his motion for summary judgment, defendant filed the affidavit of his attorney, Mark L. Milligan. That affidavit states, in relevant part:
 

 4. On May 1, 1979, Counsel for Plaintiff, Allan A. Christian, represented Christian Building Supplies, and had initiated garnishment proceedings against Defendant’s wages. (See Exhibit “B”.) At that same time, Counsel for Plaintiff, Allan A. Christian continuously represented Plaintiff (See letter of June 21, 1978, as Exhibit “A” attached hereto).
 

 5. In reply thereto the undersigned intervened and served Virgin Islands Energy Office and Attorney Christian with Notice of the Bankruptcy Action. (See Exhibit “C”).
 

 6. On July 6, 1979, Attorney Christian acknowledged receipt of the Bankruptcy Notice. (See Exhibit “D” attached hereto).
 

 7. Consequently, in July of 1979, Allan A. Christian, Counsel for Christian Building Supplies (a listed creditor) who was also Counsel to Plaintiff at that time, had full knowledge of the pending bankruptcy matter.
 

 8. The bankruptcy records clearly indicate that, despite this knowledge, Allan A. Christian, failed to file a bankruptcy claim on behalf of the Plaintiff.
 

 App. at 161a-162a.
 

 Based solely upon this affidavit, which represents the only record evidence on this issue, the district court held that judgment should be given for the defendant Ramirez. The court stated that because Maldonado’s counsel knew of the action in bankruptcy “while he continually represented his client in this dispute”, “such knowledge on counsel’s part is sufficient to bind the client.” App. at 7a. The court concluded that Christian’s knowledge of the bankruptcy proceeding could be imputed to Maldonado, and therefore her claim was discharged notwithstanding Ramirez’ failure to correctly schedule the debt.
 

 We conclude that the district court erred. Even if the district court had correctly stated the law, the motion for summary judgment should not have been granted.
 

 We note at the outset that Christian did not file a contrary affidavit stating that he did not represent Maldonado at the relevant period in 1979, nor did Maldonado supplement her earlier affidavit to so state. However, Rule 56 only requires a response to those motions for summary judgment made and supported as required. If “evi-dentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented.” Fed.R.Civ.P. 56(e) advisory committee note (1963). Although the safer course is always to come forward with contrary evidence, the Supreme Court has stated that a response is not essential to defeat a motion that does not satisfy the movant’s initial burden.
 
 Adickes v. S.H. Kress & Co.,
 
 398 U.S. 144, 160-61, 90 S.Ct. 1598, 1609-10, 26 L.Ed.2d 142 (1970).
 

 In determining whether Ramirez’ motion satisfied the Rule’s requirements, we must examine Milligan’s affidavit to determine if it met the requirements of Rule 56(e). The affidavit must be made “on personal knowledge,” must set forth “such facts as would be admissible in evidence” and must “show affirmatively that the affiant is competent to testify to the matters stated therein,” Rule 56(e);
 
 see Cummings v. Roberts,
 
 628 F.2d 1065, 1068 (8th Cir.1980);
 
 Gordon v. Watson,
 
 622 F.2d 120, 123 (5th Cir.1980)
 
 *51
 
 (per curiam);
 
 United States v, Alessi,
 
 599 F.2d 513, 514 (2d Cir.1979) (per curiam);
 
 see generally
 
 6 J. Lucas,
 
 Moore’s Federal Practice
 
 H 56.22[1] at 56-1306 (2d ed. 1983).
 

 In addition, the affiant must ordinarily set forth facts, rather than opinions or conclusions. An affidavit that is “ ‘essentially conclusory’ and lacking in specific facts” is inadequate to satisfy the movant’s burden.
 
 Drexel v. Union Prescription Centers, Inc.,
 
 582 F.2d 781, 789-90 (3d Cir.1978).
 

 Viewing the record as it existed before the territorial court, it is evident that the statement in Milligan’s affidavit that Christian “continuously represented Plaintiff” in May 1979 when Christian received notice of Ramirez’ bankruptcy is a conclusory one. The affidavit fails to show any personal knowledge by Milligan. Instead, the conclusion is based on the exhibits attached, which merely show that Christian represented Maldonado on June 21, 1978 when he wrote to Ramirez concerning Maldonado’s roof. The inference drawn by Milli-gan, that Christian continued to represent Maldonado after the settlement on August 4, 1978 until March 24, 1982 when he filed this action on her behalf is not an inexorable one. These facts are just as consistent with a termination of the attorney-client relationship in August 1978 after what appeared to be a resolution of the problem and a renewed representation for the purpose of instituting this action. Milligan’s conclusion is based only on conjecture. Such an affidavit does not satisfy the party’s burden under Rule 56(e). Just as such an affidavit is inadequate to oppose a motion for summary judgment,
 
 see Hurd v. Williams,
 
 755 F.2d 306, 308 (3d Cir.1985), it is inadequate to support it. Thus, we conclude that the district court erred in relying on the Milligan affidavit as a basis for summary judgment.
 

 The foregoing discussion assumed
 
 arguendo
 
 that the district court was correct in holding that notice given to Christian in his capacity as attorney for Christian Building Supplies would constitute notice to Maldonado under § 523(a)(3)(A) if Christian represented her at that time. Generally, however, an attorney’s representation of a party in one action does not make the attorney an agent for the party in an unrelated case between the same parties.
 
 See Schultz v. Schultz,
 
 436 F.2d 635 (7th Cir.1971). The authority upon which the district court relied,
 
 Collier’s Treatise on Bankruptcy,
 
 notes that some courts have held that notice to the attorney binds the creditor only when such notice is acquired by the attorney in the context of his or her representation of the creditor in the bankruptcy case itself. The treatise concludes, however, that it is ordinarily considered sufficient “if the attorney received knowledge of the case while representing the creditor in enforcing his claim against the debtor.” 3 L. King,
 
 Collier on Bankruptcy
 
 § 523.13 (15th ed. 1984). Thus, unless Christian had been representing Maldonado in enforcing her claim against Ramirez, notice sent to him could not be imputed to Maldonado.
 

 Moreover, an attorney given notice of the bankruptcy on behalf of a particular client is not called upon to review all of his or her files to ascertain whether any other client may also have a claim against the bankrupt. Notice sent to an authorized attorney or agent must at least signify the client for whom it is intended so that the attorney can know whom to advise to assert a claim in the bankruptcy. The notification to Christian of Ramirez’ bankruptcy on which the district court relied gave no indication that it was sent to him on behalf of Maldonado, and instead indicated it was intended as notice to Christian on behalf of Christian Building Supplies. Therefore Maldonado cannot be deemed to have received notice within the meaning of 11 U.S.C. § 523(a)(3)(A), and the district court erred in so holding.
 

 Ramirez also contends that Maldonado’s claim was barred by the statute of limitations; that the trial court failed to properly apply the doctrine of mitigation of damages; that the trial court’s findings were against the weight of the evidence; and that it erred in awarding costs to Maldona
 
 *52
 
 do. Because it based its judgment on the discharge in bankruptcy, the district court never reached these issues. We believe it should address them in the first instance.
 

 For the foregoing reasons we will reverse the entry of judgment for the defendant and remand this case to the district court for further proceedings.